# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW CATALIN GRAY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-4930** |
| | : | |
| **THE PUBLIC DEFENDERS** | : | |
| **OF BUCKS COUNTY,** | : | |
| **Defendant.** | : | |

FILED

NOV 20 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

**JONES, II, J.**                                                                                                  **NOVEMBER 20, 2019**

Plaintiff Matthew Catalin Gray, a prisoner at the Bucks County Correctional Facility, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 naming as a Defendant the Public Defenders of Bucks County ("Defenders"). Gray seeks leave to proceed *in forma pauperis*. For the following reasons, Gray will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   FACTS**

Gray asserts that from September 4, 2018 through October 17, 2019, the Defenders "have been constantly ignoring any requests that [he] has made to speak with them [and] any request to obtain [his] discovery packets" for his two criminal cases as well as a civil matter. (ECF. No. 1 at 11.)[1] Gray further avers that the Defenders have ignored documents and records he has provided them via email or facsimile that "prove that . . . 'victims' Lauren Ann Gray and Robert Jay Gray have purposefully been giv[ing] the District Attorneys of Bucks County, more specifically Assistant District Attorney, Eugene [Tsvilik] false information and untruthful

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

state[ments] to law enforcement officials." (*Id.*) Gray further asserts that he was not informed by the Defenders of the motion submitted by the district attorney requesting that he be evaluated for competency and notes that he did not "give any authorization for anyone to speak on [his] behalf." (*Id.* at 13.) In sum, a review of the six handwritten pages attached to Gray's Complaint indicate to this Court that Gray's claims against the Defenders are based solely upon his dissatisfaction concerning their representation of him.

As relief, Gray requests that the Defenders "undergo a full investigation" and seeks "three million dollars for substantial emotional distress, endangering the welfare of a person, mental and physical distress and constant violation of inmate rights while also not abiding by attorney/client rights/privileges." (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court will grant Gray leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence the civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.[3] Whether

---

[2] Attached to Gray's Motion to Proceed *In Forma Pauperis* is a statement from Gray indicating the steps he has taken to obtain a certified copy of his prisoner account statement. (ECF No. 4 at 4-5.) The statement also provides the Court with some information as to the current balance in his institutional account. (*Id.*) The Court will accept Gray's statement as substantial compliance with 28 U.S.C. § 1915(a)(2).

However, as Gray is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[3] The Complaint suggests that Gray's competency was called into question in state court. This Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." *See Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012). However, the Court may still conduct a screening under § 1915(e) consistent with Rule 17. *See id.* at 307 ("In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its

2

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the Complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As Gray is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The law is settled that criminal defense attorneys, even those employed as public defenders, are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-

---

discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, No. CV 16-0812 JB/SCY, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey that "a district court may sua sponte dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").

appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Lewis v. Mainer*, No. 16-CV-1674, 2016 WL 10956506, at *5 (E.D. Pa. Aug. 23, 2016) (holding that Defender Association is not state actor) (citing *Polk*); *see also Allen v. Commonwealth of Pennsylvania Common Pleas*, 512 F. App'x 136, 137 (3d Cir. 2013) (finding no arguable basis to challenge the district court's decision that Defender Association is not a state actor). Thus, the Court must dismiss Gray's claims against the Public Defenders of Bucks County pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Gray leave to proceed *in forma pauperis* and dismiss his Complaint against the Federal Defenders of Bucks County with prejudice for failure to state a claim upon which relief may be granted.[4] An appropriate Order follows.

BY THE COURT:

_____
C. DARNELL JONES, II, J.

---

[4] The Complaint is dismissed with prejudice since any amendment of a claim based upon the Public Defenders of Buck County's representation of Gray would be futile.

4